All right. As these folks are putting their things together, we'll go ahead and call the case of Castillo v. Attorney General. Mr. Guyer, you may proceed.  Good morning, Your Honor. Your Honor, may it please the court, I am Francis X. Guyer of the Law Office of Michaela Alvarez, and I represent the petitioner Bernardo Castillo. Your Honor, I'd like to reserve three minutes for rebuttal. All right. Thank you, Your Honor. Your Honor, the board's decision upholding the immigration judge's order of removal against petitioner Bernardo Castillo was arbitrary, erroneous, and abuse of discretion. As a result of this arbitrary decision, Mr. Castillo, who has lived in the United States for 28 years, is ineligible to apply for any form of discretionary relief in the form of cancellation of removal in the immigration court, and his removal from the United States has been rendered virtual certainty. You're disturbed that the BIA is not deferring to New Jersey's categorization of shoplifting under the statute that was in place at the time, right? Well, we submit, Your Honor, that we're upset that the board is also not consistent with its holding in Islamazar. In Islamazar, the board held that there were a number of factors that were relevant in determination of whether a conviction under the INA satisfies the conviction for a crime, and they clearly did reference as one of those factors the state's characterization of the offense. Yeah, but Islamazar said that a jury trial was not necessary for a criminal conviction under federal law either. Six months or less didn't need one, they said, right? Yes, Your Honor, but they also said that, well, Your Honor, they said that that was, as I read Islamazar, they said that that was a sufficient, they, Your Honor, that was one factor of a multi-factor test. And as I read Islamazar, it applied essentially a multi-factor test. It clearly said in the very text of Islamazar that the fact that the Oregon, page 687, the fact that the Oregon Court of Appeals concluded that the conduct of the defendant whose misdemeanor offense was prosecuted as a violation was not a crime. So they held that it was significant. Sure, yeah. Under Hussain, though, didn't we say that that was the, that as long as the burden of proof is beyond a reasonable doubt that that is sufficient for a criminal conviction? Yes, Your Honor, this Court did in its unpublished Hussain decision, essentially. It was unpublished. What? It was unpublished. Yes, apply a single-factor test. I would simply, the petitioner would simply submit that with greatest respect to the Court, with deep respect to the Court, that the Court got wrong in reading Islamazar as applying a single-factor test. Islamazar, as the text I read to you shows that the State's characterization of the offense was deemed significant. Well, how many of the things that Islamazar brought up do you need to make a criminal conviction if just the burden of proof is not sufficient? What else? One of the other, I think there were five factors that they listed. How many factors do you need for a conviction or a disorderly person's violation conviction to equal a criminal conviction under federal law? Well, unfortunately, Your Honor, Islamazar doesn't, because as I read Islamazar, it held that the preponderance of the evidence standard that was in Islamazar was sufficient to deem it not a crime, and it didn't address those other factors in depth. My position is that it's sort of a totality of the factors test and that the weight of the factors in the instant case, including the fact that New Jersey distinguishes findings of guilt for disorderly person's offenses from conviction for a crime, the fact that no disability or legal disadvantage is attached to a conviction or to a finding of guilt for a disorderly person, and the lack of procedural protections that are provided, including right to a grand jury indictment and right to a jury trial, that the weight of those factors are on the side of that, deemed that this should not be considered a crime under the INA. Is your decision contrary to Burrell? Your Honor, I read the Burrell decision. It was a third circuit NPO. Right. There was no, it was another unpublished decision, and there was no reference in Burrell specifically to a matter of Islamazar. So I'm not sure how Burrell really read that. I mean, they just sort of referenced, I guess, that the, you know, another case I think that said that the state's characterization is not important. But I submit to you, to this panel, that Islamazar, the text of Islamazar itself, says the state's characterization of the offense is important, as well as there was another decision that we submitted with the brief, which was grantedly an unpublished, non-precedential decision, a matter of Frikred Bejarik. And in that particular case, the board went into the factors that are to be taken into consideration in Islamazar. They outlined the factors, including the jurisdiction's characterization of the offense, whether it's ‑‑ One of the factors was the right, whether you have a right to counsel. In New Jersey Municipal Court, you have no right to counsel in this proceeding. But what difference did that make for this court when your client was represented by counsel in the New Jersey Municipal Court? Well, that was just one of many factors that the board outlined in Frikred Bejarik. It was also the fact that there was no legal disadvantage or disability attached to the offense. The fact that it was a civil kind of a prosecution. But despite the fact that Mr. Castile did have counsel, he still was deprived of some of the procedural protections, I think, that the board in Islamazar and in Frikred Bejarik was concerned with. Let's take a step back. The Supreme Court has said that we're supposed to be examining or considering crimes in a generic sense. If New Jersey is or was an outlier, because, of course, it's changed its statute since, as we know, and the vast majority of the country treats shoplifting as a criminal offense, clearly as a criminal offense, not a disorderly person's violation, what is wrong with the BIA looking at this and saying, for consistency across the country, we're going to treat this as a crime? Because in a generic sense, you steal from people. You walk into a store and you steal from them. That's a crime. What's wrong with that? Your Honor, if the board had said that in Mr. Castile's decision, there might be nothing wrong with it. But what the problem is, is that the board, in this case, simply cited Islamazar, said, well, it's a beyond a reasonable doubt standard, ignored all the other factors at issue in Islamazar, and specifically contradicted the holding in Islamazar, saying that the state's characterization of the offense was not relevant when it clearly was in the language of Islamazar. And this court has spoken very forcefully about the need for agencies to be consistent in their decisions. And when agencies depart from presidential decisions without a reason explanation, as in Valdivia's or Galdamez, the court has held that the board's decisions are arbitrary, of only its abuse discretion, and are not entitled to Chevron deference. Well, I take it what you're really seeking here is a remand back to the BIA for them to reevaluate this under their standard, Islamazar, and determine whether or not under its multi-factor agency test this meets the criminal definition under federal law. Is that what you're seeking? Well, Your Honor, in the first place, we say that if the court, in fact, applies the Islamazar standard correctly, the weight of the standard suggests that Mr. Castillo was not convicted of a crime. You say that as a matter of law, we should say under their standard that he was not convicted of a crime. Or do you say that we should remand it to the BIA for them to do what they should have done in the first place, and that is evaluate what happened to him under their multi-4-5 standard test? Right. But I would argue in the alternative first that the court, I would argue that there are sufficient enough deviations from Islamazar and the petitioner satisfies enough of the conditions outlined in Islamazar for the court to say that this would not satisfy the IA's definition of a conviction under Islamazar, but at a bare minimum, given the concern of this court about agency consistency and given the concern of the United States Supreme Court in Gerda Lang's decision recently, another decision that said that agencies have to be consistent. When they're not consistent and they don't give reasoned opinions in their decisions, they are abusing discretion and they're violating due process. So I would argue at a bare minimum this case should be remanded to the board to properly apply the Islamazar. If your assertion is, and it sounds like it is, that they didn't follow their own precedent because they didn't tick down through the list, why wouldn't that be the preferred thing to do instead of the minimum thing? Why wouldn't that be the first step we would look to is to send it back for the agency to do it correctly? Well, Your Honor, just because I think the factors under Islamazar, I think the petitioner satisfies the weight of the factors if we apply all the factors to it, but if the court is concerned about the lack of consistency in the agency, it's certainly valid to let the board, and I think under Chevron sometimes, to let the board evaluate first under the proper standards, which was a kind of... Now, let me ask you about crime because when this court sent the case back before, it was specifically because we wanted both sides to talk about what does it mean to be a crime. That was the purpose of the remand, and precious little has been said by either side about that. So what is your position about what happened here? I mean, you've talked a lot about conviction and what constitutes a conviction, and that's what Islamazar is all about is conviction. It's not about whether something's a crime. Convicted of what is the real issue that we were wrestling with before. So even if this is shoplifting as a, quote, disorderly person's offense, what do you say about whether that's a crime or not? Well, Your Honor, and we concluded also in the brief, if you notice, some of the older cases under the INA where conviction for a crime was kind of a unitary term. And so given that the INA doesn't specifically define what a crime is, we have to look to the case law, which the earlier case law tells us, well, a conviction for it, which used just the phrase conviction of a crime because it was before the INA had defined a crime, which I think was in Ira-Ira. And basically they used that sort of phrase as a whole and said basically where the jurisdiction distinguishes the offense from a conviction for a crime. I think there was a case, a matter of C, where there was a Buffalo case where the municipal offense was distinguished from a crime, a matter of DA as well, and also some of the intent of the statute. And so reading it through the history of the INA, basically that was pretty much a unitary term. It was a unitary term. You mean crime involving moral terms? Conviction for a crime. Conviction for a crime. Yeah. And so it's very hard to divorce the crime from what a conviction is. So was it a mistake for the court to send this back to start with? And don't be reluctant to say we blew it. Tell the truth. We can take it. No, Your Honor, in that case I don't think it was a mistake at all because we had, first of all, the board had in the first case applied a completely wrong statute. Was the question we asked wrong when we said the question is conviction for what? It sounds like what you're saying is the position that we've heard from the government and from the BIA on the remand is if it's a conviction, it's a conviction of a crime. And you seem to be agreeing with that. If it's a conviction, it's a conviction for a crime. Am I hearing you right or do you have a different view? I think that historically the board's definition of a crime has been treated as a unitary term of art with the word conviction. So I would agree, yeah. But I do think it was worse because we really don't, we have so little case, we have so little to go on when we're trying to say what a crime is. I think it was an effort of both sides to try to be more clear. Why are you giving so much away? You're giving the ranch away. Under New Jersey law at the time, conviction of a disorderly person's act was not under New Jersey law considered a crime. It was not considered a crime. As a matter of fact, New Jersey Supreme Court has said that in criminal or civil litigation, you couldn't impeach a witness for a violation of a disorderly person's act. It was not an impeachable offense for your previous conviction of a crime. So under New Jersey law, the Constitution itself at the time, violations of the Motor Vehicle Traffic Act and the Disorderly Persons Act under the same title, and administered by the same court, the municipal courts, was never considered a crime. Right. But that was the factor, Your Honor, of the whole weight that the board should give to this. Well, one of the factors under Islamabad is that one of the factors that they look at is whether the state in which the proceeding occurred itself considers it a crime. And under New Jersey law, it was never, ever considered a crime. That's correct. Period. Yes, that's correct. Okay. I see I'm out of time. All right. Thanks. We'll have you back on rebuttal, Mr. Guyer. Thank you. Ms. Klein. May it please the Court, my name is Nicole Nardone, attorney for the Respondent of the United States. I'm sorry. What's your name again? Nicole. Suzanne Nicole. Sorry, I go by my middle name. It's a little confusing. The Court should uphold the board's finding that the petitioner's New Jersey shoplifting conviction constituted his second crime involving moral turpitude under INA 237A2A2, thus ending his period of continual residence in the United States. We're familiar with all the backgrounds. So why don't you start where we finished up with Mr. Guyer. The position of the United States seems to be if you're convicted, it is a crime. And there's no difference. There's no such thing as being convicted of something less than a crime. Have I understood your position correctly? I believe that was the argument that was we do discuss the significance of INA 101A48A, which is the definition of conviction for purposes of immigration law in our brief. But I'd like to note that I think the board does also address this issue. And although it does seem the board really is just resting on this beyond a reasonable doubt standard. Why don't you point us to where it is? Because reading this, I mean, we sent it back with a very specific message. To address the issue of a crime. Right. And if you look at the second page of the board's decision, the second paragraph on that page, the board very specifically says in order for the shoplifting offense at issue in the case to constitute a crime under Section 237 of the Act, the elements of such an offense must be first proved beyond a reasonable doubt and the conviction for such an offense must constitute a conviction under Section 101A48A. Right. Which sounds like it's getting right into what a conviction is. And, in fact, later in that same paragraph, the board says whether New Jersey considers his offense to be a crime is not relevant. Right. So far from addressing whether it's a crime or not. Well, I think what the board is saying here is that essentially there's two things that need to be looked at. First is the definition of conviction. And under 101A48A, that term has been defined very broadly and has been interpreted very broadly by both the court and the board. And it does not require a jury trial. It does require some form of punishment. It doesn't contemplate in any way states' points of emphasis. Assume we agreed with you on that. Right. And answered the question that Judge Stapleton posed in his opinion for the court when this was sent back to the board. Conviction for what? And the question was crime. What's the government's position on that question? Or is it just the wrong question? I think here the board, in addition to essentially saying that the question of what is a crime needs to be looked through first, the lens of what is a conviction. But then, secondly, there was one critical factor that was outlined in the matter of Issam Lazar. And I know Petitioner makes much of this argument that Issam Lazar discussed all of these factors. But if the court is to look very closely at that decision, I think it's very clear what the basis of that decision was as this court held in Hussein. All right. Look, the board held this was a crime. And as I read their decision, they held it was a crime because he was found guilty beyond a reasonable doubt. Exactly. That's what I was just going to get to. However, under the board's own, in order for us to give it Chevron deference and respect the board, it has to adhere to its own decisions as to how these are. Now, under Islamabad, in order for a matter to be considered a crime, the board itself has said, number one, I'm ticking them off here. Maybe not. The matter in which the state itself considers such factors. Okay. Whether the state, how the state considers itself. Right, right. There is no question under New Jersey law, conviction of a disorderly person's violation is not a crime. You can't even mention it in impeachment. It's improper. I understand that. Secondly, under New Jersey law. Okay. Next thing. The the proceedings. The proceedings in municipal court are a local prosecutor files a statement or a police officer files a statement and it goes to a judge. And the proceedings, there is no indictment. There's no there's no grand jury. Also the rights, there is no right to counsel in this proceeding in which the petitioner was convicted. He had no right to have counsel appointed. No question about it. He did have to be convicted under New Jersey law beyond a reasonable doubt. Okay. Next thing. The consequences. The consequences upon conviction of the disorderly person's violation in New Jersey is, and we have counseled people convicted of this, that they do not have to state that they have ever been convicted of a crime when making applications and an employer could not consider it. Otherwise, it would be discrimination. Right. Okay, let me just finish. Okay. And there is no disability by reason of being convicted in New Jersey. You don't lose your right to vote. You don't lose any of the other rights attended upon conviction of a crime. Islamabad required that in order for it to be considered a crime, the agency itself said, you have to look at this multi-factor test and then determine, and that's for the agency to do, not for this court, whether it is a crime under federal law. The agency in this case did not follow its own rules. It found that he was convicted beyond a reasonable doubt. Petitioner admits it, and it found nothing else. Okay, two points I'd like to focus on here. Is my recitation correct as to New Jersey law? New Jersey law, absolutely. I mean, that's really not my focus here. I'm here to talk about the abortion. But New Jersey law is part of the focus under Islamabad. Certainly, and I'd like to address that. In Islamazar, the court does talk about how the state treats a crime as being significant. And they specifically talk about this label, however. I think it's the label terminology that what a state considers a crime versus a violation versus an offense, for example, is not the basis upon which the immigration, for purposes of interpreting immigration regulations, that the board is to be looking at. Because those terms can vary so much from state to state that if we were to follow that principle, then a person with one conviction for the same exact behavior in one state would be treated differently for purposes of immigration than a person who committed the exact same crime in another state. I mean, the idea here, I think, is to create some uniformity in the crime. And I think that concept was discussed in Islamazar. Accepting that, get to the issue of what do we do with the rest of the factors that are discussed in Islamazar? Because you'd have to concede that they didn't get booed, not a single mention in this case. I would like to state that our position is that Islamazar does not necessarily, it does discuss a number of factors, but as this court found in Hussein, it's a discussion of these factors. As an NPO, as a non-presidential opinion, we're not bound by it. We shouldn't even consider it. Yes, I understand that. But, however, looking carefully at Islamazar, I'll just point to two parts of that decision that I think are very important. If you look at the second page, it's the 1, 2, 3, 4th paragraph at the very end of that decision, if you might have it before you. And the board talks about, because this is the crucial factor, this is the crucial error that we have made. In this case, they reversed their prior decision. They reversed their prior decision specifically because they found that this crime was convicted under preponderance of the evidence standard. And the distinction that the board was making was that this was not a true criminal proceeding for that reason alone. And if you look here at footnote. For that reason alone. What is the language you're looking at where they say for that reason alone? I'm looking at page 2. I'm looking at page 2. It says, right before the issue section, the last sentence says, because of this crucial factual error, we reverse our decision and we reach a different conclusion. Okay, that's all discussing the preponderance of the evidence standard, which they discovered they, in error, didn't recognize that that was the standard. And then the second part of the decision is at footnote 4. You see here, it's under the analysis, the 1, 2, 3, 4, 5, 6th paragraph at the very bottom. It says, this is the bedrock principle of the Constitution, that each element must be proven beyond a reasonable doubt. It then cites to footnote 4 where it discusses some of the factors that were listed earlier, including a right to a jury trial, including a right to counsel, and says that this is a petty offense. Those aren't even implicated here. Right. They weren't implicated there, but the board didn't say these things are irrelevancies, these things are things that can be ignored. It acknowledged the existence of those things again. Right. It didn't say they're things to be ignored, but here they were the exact same. And here, in the board's decision before us, they specifically referenced Eskimo Czar, and it was also a similar petty offense case, you know, implicating the same concerns. And it's our position that the board is not required in this situation. This is a de novo review for the court, with certainly deference to the board. The board cited the determinative issue here, which was whether or not this was a true criminal proceeding. No, that's not the determinative. That's one of the issues that has to be looked at. It's not determinative. You're making an argument here which is not true. That's one of the factors. It's not determinative. And I'll try and restate the question of Judge Jordan to you. This was sent back to the BIA for them to do their work, and that is to determine whether or not this was a crime. Under the BIA's own directive, they have to look at a multi-factor test to determine whether this was a crime under state law. It is not a crime under New Jersey law. And they determined one thing is the way I read it. They determined their opinion is based on that he was convicted beyond a reasonable doubt. They didn't have to send it back to the BIA because the petitioner would have admitted when he was here originally that he was convicted beyond a reasonable doubt. The reason it was sent back was for the BIA to do their business. So my question to you is this. Petitioner says we should, as a matter of law, this court should adjudicate this is not a crime. He has a backup argument, however, which he didn't make very strongly, but he would prefer the former argument. His backup is that we should once again tell this case to revisit the BIA and to tell them to shape up and do their business and look at the multi-factor test and then tell us whether they did, this is a crime. What do you think of his proposal, the two factors, the two-edged proposal that he makes? Well, I don't agree that the case needs to be remanded. I believe that if we were looking at this case and asking if Chevron deference is required here or is appropriate, I think that the finding here was certainly appropriate under Chevron deference. It should be deferred to because it is not in any way, I don't know the language of that. I'm sorry, let me just cite the language. It's essentially a permissible construction of the statute. And the permissible construction of the statute, you're saying that the BIA has articulated is that any conviction is a crime. That's what the government's position is. Any conviction which uses this proof beyond a reasonable doubt. That constitutes a crime for purposes of the INA, and your assertion is that anything less than that would lead to disorder because there would be a multiplicity of outcomes possible across the country. Is that it? Yes, just with one caveat, Your Honor, which is that this specific set of factors, this specific conviction that the court was looking at, it found here there was a conviction of a crime for purposes of INA because, number one, there was a formal judgment by the court. Number two, there was a fine as required under the definition of conviction. And number three, he was convicted in a proceeding beyond a reasonable doubt of each of the elements of the crime. So you're saying there is more than one factor? Well, as I mentioned earlier, conviction has been defined. The definition for conviction under INA, A48A, is very specifically laid out. So those factors are included, and I think they were included here by the court referencing the term conviction. And the position of the government is conviction alone, as defined by the INA, conviction means crime. Right, yeah. Okay. That's – I guess I want you to address my grief then. The assertion that any other way of looking at this would lead to a hopeless variation across the country was something that Justice Alito raised in a different context, but still talking about immigration law just a month ago. And the Supreme Court said, look, tough. We're not worried about that. And that was with judge-made law. That was with the application of the categorical approach. Right, right. So how far does that argument get you, that we've got to defer under Chevron to the assertion that no matter what a state says, or as the BIA said it, what New Jersey thinks is a crime is irrelevant. You've got to pay attention to us on this because otherwise there would be variation. I think it's significant that, and this court has noted, that in Acosta v. Oshkroft, that in redrafting INA 101, A48A, Congress intended to broaden the concept of conviction because it had been so subject to the vagaries of state court and the vagaries of state law that it would result in inconsistent outcomes. And that is the concern here. The board is trying to create some kind of bottom line or very, you know, and quite broad, yet a very bottom line thing for what is considered a conviction of a crime. So we're back to conviction equals crime. Okay. Got you. Thanks. Thanks very much. Mr. Geary, your rebuttal. Well, Your Honor, even assuming the opposing counsel's rationale that conviction equals crime is to be given weight, that's what Islamazar essentially did. They interpreted the definition of a conviction, and they said you have to satisfy certain factors in order to be considered a conviction. You need to speak specifically to what Ms. Nicole said, though, Mr. Geary. She said whatever Mr. Geary might think Islamazar stands for, it doesn't stand for a multi-factor test. And she cites the specific language talking about the bedrock principle and this crucial factor, all pointing to proof beyond a reasonable doubt. What in Islamazar shows she's wrong, if there's anything? Your Honor, the language that I read to you before, where it says on page 687, significantly the Court of Appeals in State v. Supra concluded that the conduct of a defendant whose misdemeanor offense was prosecuted as a violation was not a crime. So it was significant that the violation was not considered a crime by the jurisdiction. So you can't just say it's significant there and then it wasn't significant here. And also the fact that as I read Islamazar, it said that the beyond a reasonable doubt standard and the other factors that it found were principally that was sufficient but not necessary. That's how I read the decision. They didn't have to go into the other factors because that was such an unprocedural departure from constitutional principles that that settled the case right there. It said procedures which generally attend criminal proceedings. Yes, Your Honor. In other words, that are generally attended to criminal proceedings. They don't have to be all of them, but they have to be some of them. Right. And here, as I stated before, it didn't get grand jury, didn't get petite jury. And I would submit to the Court that that's, along with the other factors, including the State's characterization of the offense, is significant enough for this at bare minimum to be remanded before the complete lack of clarity of the Court and the complete failure to properly apply the factors. And I would just remind the Court in closing that this man has been in this country for 28 years. And this, to allow him to be removed, he has no other eligibility for relief aside from cancellation. How many convictions does he have? I believe he has four, Your Honor. How many? Four. Four. And this is, you know, to allow a man to be removed after 28 years in the country on the basis of such a legally deficient decision that just departs from precedent without explanation I think would be an abuse of discretion. I ask the Court to, at bare minimum, remand the case. I ask the Court to, at bare minimum, remand this to the Board of Immigration Appeals. Thank you. Okay. Thank you very much, Mr. Guyer. Okay.